UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF THE STATE OF NEW YORK
-------------------------------------------------------------------X
TASHANI FRATER,

                            Plaintiff,

             -against-

HOME DEPOT U.S.A. INC. and W.M. BARR AND
CO., INC.,

                       Defendants.
-------------------------------------------------------------------X

**08** Action No. **1274**

PETITION FOR
REMOVAL

BLOCK, J.

AZRACK, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E. D. N.Y.

★    MAR 2 8 2008    ★

BROOKLYN OFFICE

TO:    Robert F. Garnsey, Esq.
        THE JACOB D. FUCHSBERG LAW FIRM, LLP.
        500 Fifth Avenue
        New York, NY 10110

       Defendant Home Depot U.S.A., Inc, by and through its attorneys, respectfully

states:

       1.     The defendant Home Depot U.S.A., Inc. is named in an action filed in the

New York Supreme Court, Queens County, bearing index No. 1993/08 entitled <u>Tashani</u>

<u>Frater v. Home Depot U.S.A., Inc. and W.M. Barr and Co., Inc.,</u>

       2.     The Summons and Complaint was served upon Home Depot U.S.A., Inc.

via service upon the Department of State, Division of Corporations on or about March 7,

2008.

       3.     According to the Complaint, plaintiff is a resident of Queens, New York.

       4.     Defendant Home Depot U.S.A., Inc., was, and still is a foreign corporation

authorized to do business in the State of New York, with its principle offices located at

2455 Paces Ferry Road, N.W. Atlanta, Georgia 30339.

5.    Upon information and belief, co-defendant is a Tennessee corporation with its primary place of business in Memphis, Tennessee.

6.    This action may be removed to this Court pursuant to 28 U.S.C. Section 1332, because there is diversity of citizenship between the parties and the amount in controversy is claimed to be in excess of $75,000.00.

7.    Pursuant to 28 U.S.C., Section 1445(a), a copy of all pleadings served upon the defendant are attached hereto as Exhibit "A".

**WHEREFORE**, defendant requests that the action described in Paragraph "1" filed against it in the Supreme Court, State of New York, Queens County, be removed therefrom to this Court.

Dated: New York, New York
       March 25, 2008

Respectfully Submitted,

DONOVAN HATEM LLP

David M. Pollack (DMP 6143)
1 Penn Plaza, Suite 3324
New York, New York 10119
(212) 244-3333
*Attorneys for Defendant*
*Home Depot USA, Inc.*

To:    Robert F. Garnsey, Esq.
       THE JACOB D. FUCHSBERG LAW FIRM, LLP.
       500 Fifth Avenue
       New York, NY 10110

       W.M. Barr and Co., Inc.
       2105 Channel Avenue
       Memphis, TN 38113

01144738

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index # 1993/08
Date Purchased: 1/24/08

----------------------------------------X
TASHANI FRATER,

**SUMMONS**

Plaintiff,

Plaintiff designates
Queens County as the place of trial

-against-

HOME DEPOT U.S.A., INC. and W.M. BARR
AND CO., INC.,

Plaintiff resides at:
118-12 155th Street
Jamaica, New York 11434

Defendants.

----------------------------------------X

**To the above-named Defendants:**

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:      New York, New York
             January 22, 2008

                                   Yours etc.,
                                   THE JACOB D. FUCHSBERG LAW FIRM, LLP

                                   ROBERT F. GARNSEY
                                   Attorneys for Plaintiff
                                   500 Fifth Avenue
                                   New York, NY 10110
                                   (212) 869-3500
                                   Our File No. 6401

2008 JAN 24  A 10: 36
QUEENS COUNTY
CLERKS OFFICE
RECEIVED

**DEFENDANTS' ADDRESSES:**

Home Depot U.S.A., Inc.
2455 Paces Ferry Road NW
Atlanta, GA 30339

W.M. Barr and Co., Inc.
2105 Channel Avenue
Memphis, TN 38113

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X

TASHANI FRATER,

              Plaintiff,

      -against-

HOME DEPOT U.S.A., INC. and W.M. BARR AND
CO., INC.

              Defendants.
------------------------------------------------------------X

Index No:

**VERIFIED
COMPLAINT**

Plaintiff, TASHANI FRATER, by her attorneys, The Jacob D. Fuchsberg Law, LLP, complaining of the defendants, upon information and belief, alleges and sets forth as follows:

### FIRST CAUSE OF ACTION

1.    That at all times hereinafter mentioned, plaintiff TASHINA FRATER (hereinafter "PLAINTIFF") was and is a resident of the County of Queens, State of New York.

2.    That at all times hereinafter mentioned, defendant W.M. BARR AND CO., INC. (hereinafter "W.M. BARR") was and is a foreign corporation duly authorized to do business in the State of New York.

3.    That at all times hereinafter mentioned, defendant W.M. BARR was duly authorized to transact business in New York and has retailers and dealers for their products in New York, within this state's jurisdiction as well as others.

4.    That at all times hereinafter mentioned, defendant W.M. BARR transacted business within the State of New York, and reasonably expected its products, goods and services to be sold and distributed within the State of New York.

1

5.      That at all times hereinafter mentioned, defendant HOME DEPOT U.S.A. INC. (hereinafter "HOME DEPOT") was and is a foreign corporation duly authorized to do business within the State of New York.

6.      That at all times hereinafter mentioned, defendant HOME DEPOT was duly authorized to transact business within the State of New York, and maintains offices, retailers and dealers for the sale of their home improvement products in New York, within this state's jurisdiction as well as others.

7.      That at all times hereinafter mentioned, defendant HOME DEPOT was transacting business within the State of New York.

8.      That at all times hereinafter mentioned, defendant HOME DEPOT maintained a place of business within the State of New York consisting of a retail store located at 92-30 168th Street, Jamaica, New York, 11433.

9.      That on and prior to August 1, 2007, defendant W.M. BARR designed a certain type of lacquer thinner, product number GML170, and known as "Klean-Strip Lacquer Thinner."

10.      That on and prior to August 1, 2007, defendant W.M. BARR distributed a certain type of lacquer thinner, product number GML170, and known as "Klean-Strip Lacquer Thinner."

11.      That on and prior to August 1, 2007, defendant W.M. BARR sold a certain type of lacquer thinner, product number GML170, and known as "Klean-Strip Lacquer Thinner."

12.      That on and prior to August 1, 2007, defendant HOME DEPOT sold and distributed certain home improvement products and/or cleaners, including the "Klean-Strip Lacquer Thinner" product referred to herein.

13.   That on and prior to August 1, 2007, defendant HOME DEPOT was a vendor and retailer of certain home improvement products and/or cleaners, including the "Klean-Strip Lacquer Thinner" product referred to herein:

14.   That on and prior to August 1, 2007, defendant W.M. BARR sold and distributed the aforementioned "Klean-Strip Lacquer Thinner" to defendant HOME DEPOT.

15.   That prior to August 1, 2007, defendant W.M. BARR delivered the aforementioned "Klean-Strip Lacquer Thinner" to defendant HOME DEPOT.

16.   That at all times hereinafter mentioned, defendant W.M. BARR caused, allowed, and permitted the aforementioned lacquer thinner product to be sold to the general public by authorized retailers and dealers; reasonably expected its lacquer thinner products to reach the ultimate user or consumer in the condition in which it was manufactured and sold; and reasonably expected that the ultimate consumer would rely upon the reputation and quality of the lacquer thinner products manufactured, sold and distributed by said defendant.

17.   That on or about September 2007, plaintiff TASHANI FRATER purchased a one-gallon can of the aforementioned "Klean-Strip Lacquer Thinner" from the defendant's HOME DEPOT retail store located at 92-30 16th Street, Jamaica, NY 11433.

18.   That on or about September 22, 2007, plaintiff, while using the aforementioned lacquer thinner, was caused to sustain serious personal injuries when said lacquer thinner suddenly and without warning ignited, causing a violent explosion.

19.   That the injuries sustained by plaintiff were caused solely and wholly as a result of the negligence, recklessness and carelessness of defendants, through their agents, servants, representatives and/or employees in the manufacture, design, assembly, distribution, and sale of the aforementioned lacquer thinner product: in failing to provide adequate instruction on the safe

3

and proper use of the lacquer thinner; in providing inadequate and unsafe directions and instructions for the use of the lacquer thinner; in providing inadequate and unsafe warnings pertaining to the use of the lacquer thinner; in failing to take those steps necessary to avoid the contingency herein; and defendants were otherwise careless, reckless and negligent.

20.    That at the time the aforementioned lacquer thinner product was sold to plaintiff and left defendant HOME DEPOT's retail store, it was in the same condition as when it left W.M. BARR's manufacturing facility.

21.    As a result of the occurrence, plaintiff suffered severe and permanent physical and emotional injuries, all of which are believed to be permanent in nature, as well as past and future medical expenses, pain and suffering, emotional trauma, and mental anguish.

22.    Plaintiff asserts a first cause of action against defendant W.M. BARR and defendant HOME DEPOT upon the theory of negligence.

23.    That as a result of the foregoing, PLAINTIFF has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## SECOND CAUSE OF ACTION

24.    PLAINTIFF repeats and realleges the allegations contained in paragraphs "1" through "23" inclusive, as though each were set forth fully at length herein.

25.    PLAINTIFF asserts this second cause of action against defendant W.M. BARR and defendant HOME DEPOT upon the theory of product liability premised on failure to provide safe and adequate warnings in the use of the aforementioned lacquer thinner products.

4

26. That as a result of the foregoing, PLAINTIFF has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### THIRD CAUSE OF ACTION

27. PLAINTIFF repeats and realleges the allegations contained in paragraphs "1" through "26" inclusive, as though each were set forth fully at length herein.

28. PLAINTIFF asserts a third cause of action against defendants W.M. BARR and HOME DEPOT upon the theory of breach of warranty.

29. That as a result of the foregoing, PLAINTIFF has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

WHEREFORE, plaintiff demands judgment against defendant W.M. BARR and defendant HOME DEPOT in an amount exceeding the jurisdictional limitations of all lower courts which would otherwise have jurisdictional herein, together with all costs, interest, and disbursements of this action.

Dated: New York, New York
January 22, 2008

Robert F. Garnsey, Esq.
THE JACOB D. FUCHSBERG LAW FIRM, LLP
Attorneys for Plaintiffs
500 Fifth Avenue, 45th floor
New York, NY 10110
(212) 869-3500

5

## ATTORNEY'S VERIFICATION BY AFFIRMATION

ROBERT F. GARNSEY, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am associated with THE JACOB D. FUCHSBERG LAW FIRM, LLP attorneys of record for plaintiffs. I have read the annexed

### SUMMONS & COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the plaintiff is because plaintiff resides outside of the county wherein your affirmant maintains offices.

DATED:      New York, New York
            January 22, 2008

                                  ROBERT F. GARNSEY, ESQ.

Our File No. 6401

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.

===========================================================

TASHANI FRATER,

Plaintiff,

-against-

HOME DEPOT U.S.A., INC., and W.M. BARR AND CO., INC.

Defendants.

===========================================================

## VERIFIED SUMMONS AND COMPLAINT

===========================================================

THE JACOB D. FUCHSBERG LAW FIRM, LLP
Attorneys for Plaintiff
Office and Post Office Address, Telephone
500 Fifth Avenue
New York, NY 10110
(212) 869-3500

===========================================================

To

Service of a copy of the
within is hereby admitted.
Dated: _____ 200___

Attorneys for

===========================================================

PLEASE TAKE NOTICE:

_____  NOTICE OF ENTRY                    that the within is a (certified) true copy of a
duly entered in the                                                      office of the clerk of
the within named                                              court on               20

_____  NOTICE OF SETTLEMENT
                                          that an order      of which the within is a true copy
will be presented                                                     for settlement to the HON.
                                                                      one of the judges of
the within named                                                      Court, at

Dated:                                    on        20    at     M

Yours, etc.


THE JACOB D. FUCHSBERG LAW FIRM, LLP

$ 05.94⁰
02 1A
0004874754
MAILED FROM ZIP CODE 12231

**Sender:** New York State Department of State
41 State Street
Albany, NY 12231

**Receipt # 200803100529**

| | |
|---|---|
| A. Signature: ( ☐ Addressee or ☐ Agent) | |
| X | |
| B. Received By: (Please Print Clearly) | |
| C. Date of Delivery | |
| D. Addressee's Address (if Different From Address Used by Sender) | |
| Secondary Address / Suite / Apt. / Floor (Please Print Clearly) | |
| Delivery Address | |
| City | State | ZIP + 4 Code |



CERTIFIED MAIL

7111 5495 5583 1626 2856

RETURN RECEIPT REQUESTED

Article Addressed To:

HOME DEPOT U.S.A., INC.
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 27, 2008, a copy of the within

**PETITION FOR REMOVAL** was served upon the following counsel of record by

regular mail in accordance with the Court rules:

Robert F. Garnsey, Esq.
THE JACOB D. FUCHSBERG LAW FIRM, LLP.
500 Fifth Avenue
New York, NY 10110
(212) 869-3500

W.M. Barr and Co., Inc.
2105 Channel Avenue
Memphis, TN 38113

/Kelly Faherty