UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TASHANI FRATER,

                Plaintiff,                **MEMORANDUM AND ORDER**
  -against-                           Case No. 08-CV-1274(FB)(JMA)

HOME DEPOT U.S.A., INC. and W.M. BARR
AND CO., INC.

                Defendants.
------------------------------------------------------------x

*Appearances*:
*For the Plaintiff*:
ANDREW SCOTT BUZIN, ESQ.
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue, 45th Floor
New York, NY 10110

*For the Defendants*:
DAVID HARLAN SCHULTZ, ESQ.
Barry, McTiernan & Moore
2 Rector Street, 14th Floor
New York, NY 10006

**BLOCK, Senior District Judge:**

        For the reasons stated at the oral argument held on February 3, 2012, the defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is denied.

        Plaintiff brings this action to recover for personal injuries sustained while using Klean-Strip Lacquer Thinner ("Klean-Strip"). The principal display panel on the Klean-Strip container reads as follows:

> DANGER! EXTREMELY FLAMMABLE. POISON. MAY BE
> FATAL OR CAUSE BLINDNESS IF SWALLOWED. VAPOR
> HARMFUL. Read other cautions on back panel.

        Trial will go forward on plaintiff's claims for negligence and failure to warn based on misbranding in violation of the Federal Hazardous Substances Act, 15 U.S.C. § 1263(a) ("FHSA"). There are genuine issues of material fact as to: (1) whether the risk of vapor flash fire is a principal hazard of Klean-Strip; and (2) if so, whether the Klean-

Strip container adequately identified that principal hazard on the product's principal display panel. *See Richards v. Home Depot, Inc.*, 456 F. 3d 76, 79-80 (2d Cir. 2006); *Milanese v. Rust-Oleum Corp.*, 244 F. 3d 104, 113 (2d Cir. 2001).

Trial will also go forward on plaintiff's state law claims for breach of express and implied warranty, to the extent that the claims are not premised on a failure to warn or inadequate labeling. *See Lopez v. Hernandez*, 676 N.Y.S. 2d 613, 614-15 (2d Dep't 1998) (holding that causes of action for "breach of express warranty and implied warranty. . .which are not premised on a failure to warn or inadequate labeling survive preemption."). There is a question of fact as to whether Klean-Strip was too dangerous and thus unfit for its advertised purpose, as a cleaning agent appropriate for use by non-professionals.

There is also an issue of fact, relevant to all of plaintiff's claims, regarding whether the Klean-Strip container's allegedly inadequate warnings caused plaintiff's injuries. Specifically, the parties dispute whether plaintiff read the warnings on the product's principal display panel. *See Sosna v. Am. Home Prods..*, 748 N.Y.S.2d 548 (1st Dep't 2002) (holding that if a plaintiff admits she failed to read a product's warnings, she cannot establish that the language of those warnings caused her injury).

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 6, 2012