```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x  MEMORANDUM AND ORDER
TASHANI FRATER,                                               Case No. 08-CV-1274(FB)(JMA)

                    Plaintiff,

        -against-

HOME DEPOT U.S.A., INC. and W.M. BARR
AND CO., INC.

                    Defendants.
-----------------------------------------------------------x
```

*Appearances*:                                              *For the Defendants*:
*For the Plaintiff*:                                        DAVID H. SCHULTZ, ESQ.
ALAN L. FUCHSBERG, ESQ.                                     Barry, McTiernan & Moore
EDWARD HYNES, ESQ.                                          2 Rector Street, 14th Floor
LESLIE D. KELMACHTER, ESQ.                                  New York, NY 10006
The Jacob D. Fuchsberg Law Firm
500 Fifth Avenue, 45th Floor
New York, NY 10110

**BLOCK, Senior District Judge:**

Following a jury verdict in favor of defendants Home Depot U.S.A., Inc. ("Home Depot") and W.M. Barr & Co., Inc. ("W.M. Barr") (collectively "defendants"), plaintiff filed this Rule 59(a)(1)(A) motion for a new trial. Plaintiff contends that she is entitled to relief because the Court erred when it instructed the jury to disregard all references to the New York City Fire Code, and likewise erred by admitting into evidence a 1999 letter authored by the U.S. Consumer Product Safety Commission. Plaintiff's arguments are without merit; accordingly, her motion for a new trial is denied.

**I.      Background**

Plaintiff filed this action after she sustained third degree burns while using Klean-Strip Lacquer Thinner ("lacquer thinner"), a product designed and manufactured by

W.M. Barr and which plaintiff purchased at Home Depot.  The principal display panel on the lacquer thinner container read as follows:

> DANGER!  EXTREMELY FLAMMABLE.  POISON.  MAY BE FATAL OR CAUSE BLINDNESS IF SWALLOWED.  VAPOR HARMFUL.  Read other cautions on back panel.

While the label advertises that the lacquer thinner "[c]leans tools and brushes after use," plaintiff was using it to remove glue from linoleum tiles in her basement when fumes from the thinner ignited causing an explosion.  She thereafter filed this suit alleging that the product's container set forth inadequate warnings.  Specifically, plaintiff contended that the container's principal display panel should have contained a signal warning consumers that "vapors may cause flash fire," and also set forth precautionary measures for users to follow in order to avoid such hazard.

On June 11, 2012, the case went to trial on plaintiff's claims for negligence, failure to warn based on misbranding in violation of the Federal Hazardous Substances Act, 15 U.S.C. § 1263(a) ("FHSA"), and breach of express and implied warranty.  The jury found in favor of defendants on all counts.

II. Analysis

Plaintiff now brings this Rule 59(a)(1)(A) motion for a new trial on two grounds.  She first argues that the Court erred by instructing the jury at the close of trial to disregard all prior references to the New York City Fire Code ("Fire Code").  Plaintiff contends that Fire Code § 1510.6 is applicable to her case, and that this provision should have been charged to the jury and included in the verdict sheet.  The Court's failure to do so, she argues, warrants

a new trial as against Home Depot.

"The district court ordinarily should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Smith v. Lightning Bolt Prods.*, 861 F.2d 363, 370 (2d Cir. 1988). Where a party contends that a court's instructions to the jury were erroneous, "[a] new trial is warranted if, taken as a whole, the jury instructions gave a misleading impression or inadequate understanding of the law." *Plagianos v. Am. Airlines*, 912 F.2d 57, 59 (2d Cir. 1990).

Upon re-review, the Court finds that its instructions were proper and that plaintiff is not entitled to a new trial on this basis. Fire Code § 1510.6 requires the following:

> **1510.6 Retail sale.** Floor finishing products with a flash point below 80 F (27 C) shall be provided with a conspicuous and durable tag bearing the words, "WARNING: INDOOR USE OF THIS PRODUCT IS PROHIBITED IN NEW YORK CITY." A sign shall be conspicuously posted in the area in which the floor finishing product is displayed, warning that the product is prohibited for indoor use in New York City.

N.Y. COMP. CODES R. & REGS. tit. 29, § 1510.6 (2008). To support her argument that the lacquer thinner is a floor finishing product, plaintiff relies upon the Fire Code's definition of a "floor finishing operation": "Any activity involving the finishing of a floor, including but not limited to cleaning, stripping, sealing, painting, varnishing, lacquering, staining, and waxing." *Id.* at § 1502.1.[1] However, beyond citing this definition plaintiff presents no basis for concluding that lacquer thinner is a floor finishing product. First, as plaintiff concedes, the product is a thinner intended to "[c]lean[] tools and brushes after use." While it may also be

---

[1] The Fire Code does not define "floor finishing product."

3

added to lacquer for thinning purposes, this potential use does not transform it into a lacquer or floor finishing product. Notably, plaintiff does not allege that she was using the lacquer thinner as a floor finishing product at the time of the incident—rather she applied it to linoleum tiles to remove glue. And while plaintiff cites the testimony of retired Battalion Chief Robert Burns in support, his testimony cuts against plaintiff's argument because it confirms that use of a thinner is not a necessary part of the lacquering process:

> Q: Do you have any experience, personal experience, with lacquer thinner?
>
> A: Only that I had my floors done and when they sanded my floors they put lacquer, not lacquer thinner, but lacquer paint, if you will, as the top coat of the wood, on top of the hardwood floors.

Trial Tr. 11, June 11, 2012. Finally, testimony by Dennis Shireman, Senior Director for Research and Development at W.M. Barr ("Shireman"), further supported the conclusion that lacquer thinner is not a floor finishing product:

> Q. This is in fact a floor finishing-type product; isn't that true?
>
> A. No, Ma'am. . . .
>
> Q. And [lacquer thinner] could be used on floors; isn't that correct?
>
> A. I [have] never seen that application . . . .

Trial Tr. 34, 85. Accordingly, as plaintiff has provided no support for the conclusion that Fire Code § 1510.6 was applicable to her claims, the Court finds that its instruction to the jury was proper and denies plaintiff's motion on this ground.

Plaintiff next argues that she is entitled to a new trial as against W.M. Barr due to the Court's erroneous admission into evidence of a 1999 letter from the U.S. Consumer

4

Product Safety Commission ("Commission") to W.M. Barr ("1999 letter"). The 1999 letter was authored by a Senior Compliance Officer at the Commission, and states that a 1998-version of the lacquer thinner label "appear[s] to meet the requirements of the Federal Hazardous Substances Act."[2] The FHSA prohibits "[t]he introduction or delivery for introduction into interstate commerce of any misbranded hazardous substance or banned hazardous substance." 15 U.S.C. § 1263(a). Plaintiff argues that the 1999 letter was inadmissible hearsay because "a custodian or other qualified witness from the [] Commission was not present to testify to the record as required by Fed. R. Evid. Rule 803(6)," the business records exception. She concludes that given the jury's finding for W.M. Barr on the FHSA claim, the Court's erroneous admission of this evidence "was extremely prejudicial" to her case.

      The Court finds that plaintiff is not entitled to a new trial because she has not demonstrated that "substantial errors were made in admitting or excluding evidence . . . ." *In re Vivendi Universal Sec. Litig.*, 765 F. Supp. 2d 512, 573 (S.D.N.Y. 2011) (stating grounds for granting a new trial). Review of the trial transcript demonstrates that Shireman testified that the 1999 letter was a part of W.M. Barr's regularly kept records involving submissions of product labels to the Commission for informal comment. Shireman's testimony satisfied the business records exception; he testified that these records were "kept and maintained by W.M. Barr in the regular and ordinary course of its business," and that it was the regular course of the company's business to have these types of documents. *See* FED. R. EVID. 803(6); Trial Tr. 182-83.

---

    [2]Defendants contended that the 1998-version of the label was materially similar to the label at issue in plaintiff's case in the warnings and cautions set forth.

Furthermore, even assuming the 1999 letter should not have been admitted, the Court cannot conclude that its admission caused the jury to reach "a seriously erroneous result or that the verdict is a miscarriage of justice." *Smith*, 861 F.2d at 370. Both Shireman and expert witness Frank Schwalje provided testimony as to the lacquer thinner's compliance with FHSA's branding requirements. *See e.g.*, Trial Tr. 189-96. Further, plaintiff has not identified any evidence that the lacquer thinner label otherwise failed to meet FHSA's branding requirements. Accordingly, the Court denies plaintiff's motion for a new trial on this ground as well.

### III. Conclusion

Plaintiff's Rule 59(a)(1)(A) motion is denied in its entirety.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 29, 2013